IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| v. | : | CRIMINAL NO. 08-66 |
| WILLIAM KING | : | |

**O R D E R**

      AND NOW, this       day of                  , 2008, pursuant to Local Rule of Criminal Procedure 41.1(c), the Court finds the following as to the Government's tape recordings and accompanying transcripts:

    1. The recording device used was capable of accurately recording the conversations;

    2. The operator of the recording device was competent;

    3. The tape recordings are authentic and correct;

    4. There have been no changes in, additions to, or deletions from the tape recordings;

    5. The tape recordings have been properly preserved;

    6. The speakers on the tape recordings are properly identified;

    7. The consenting party to the recording freely and voluntarily consented to the tape recording of the conversations; and

    8. The transcripts of the tape recordings accurately represent the conversations on the

tape recordings and accurately identify the speakers and parties to the tape recorded conversations.

                    **BY THE COURT:**

                    _____
                    **HONORABLE ROBERT F. KELLY**
                    *Judge, United States District Court*

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| v. | : | CRIMINAL NO. 08-66 |
| WILLIAM KING | : | |

GOVERNMENT'S MEMORANDUM OF LAW
IN SUPPORT OF ITS MOTION TO ADMIT TAPE RECORDINGS

Pursuant to 18 U.S.C. § 2511(2)(c), it is lawful for a person acting under color of law to intercept a wire or oral communication when one of the parties to the communication has given prior consent. This obviates any need for a warrant or court approval prior to the interception of this type of communication. United States v. Armocida, 515 F.2d 49, 52 (3d Cir.), cert. denied, 423 U.S. 858 (1975); United States v. Santillo, 507 F.2d 629 (3d Cir.), cert. denied, 421 U.S. 968 (1975).

In presenting this motion, we observe the decision in United States v. Starks, 515 F.2d 112 (3d Cir. 1975), which held "that the burden is on the government 'to produce clear and convincing evidence of authenticity and accuracy as a foundation for the admission of such recordings,'" id. at 121 (quoting United States v. Knohl, 379 F.2d 427, 440 (2d Cir. 1967), cert. denied, 389 U.S. 973 (1967)), and that the following factors are the generally relevant considerations:

> (1) That the recording device was capable of accurately recording the conversations now offered in evidence.
>
> (2) That the operator of the device was competent to operate the device.

(3) That the recordings are authentic and correct.

(4) That changes, additions or deletions have not been made in the recordings.

(5) That the recordings have been preserved in an appropriate manner.

(6) That the speakers are identified.

(7) That the conversations elicited were made voluntarily and in good faith, without any kind of inducement.

Starks, 515 F.2d at 121 n.11.

However, the ruling in Starks, both as to burden and content of proof, was substantially undermined by the later adoption of the Federal Rules of Evidence. In particular, Rule 901 now sets forth the appropriate test for a showing of authenticity of evidence, in order to allow the jury to consider that evidence. Rule 901(a) states: "The requirement of authentication or identification as a condition precedent to admissibility is satisfied by evidence sufficient to support a finding that the matter in question is what its proponent claims."

The Third Circuit has held that "[t]he burden of proof for authentication is slight." McQueeney v. Wilmington Trust Co., 779 F.2d 916, 928 (3d Cir. 1985). The rule does not "require anything more than a prima facie showing that the evidence is what its proponent claims it to be." In re Japanese Electronic Products Antitrust Litigation, 723 F.2d 238, 285 (3d Cir. 1983), rev'd on other grounds, 475 U.S. 574 (1986). "All that is required is a foundation from which the fact-finder could legitimately infer that the evidence is what its proponent claims it to be." Id. After this preliminary determination, the final assessment of authenticity is left to the jury. Id.

Thus, to the extent that Starks required "clear and convincing evidence," it is no longer

2

good law with respect to the preliminary finding to be made by the trial court.[1]  Moreover, to the extent that Starks suggests a particular formulation must be followed to establish authenticity of tape recordings, it is not valid.

To be sure, in some cases the factors listed in Starks may remain relevant to the preliminary determination.  This is particularly so in a case in which the participants to the conversation are not available, and the government must establish the identity of the persons on the recording and the absence of any malfunction or alteration.  See Rule 901(b)(9) (evidence may be authenticated by proof "describing a process or system used to produce a result and showing that the process or system produces an accurate result").

However, in this case, one of the participants to the conversations is available to testify as a witness, and will attest that the recordings are accurate reproductions of the conversations in which he participated.  That testimony alone is sufficient to meet the "slight" test for authentication.  See Rule 901(b)(1) (authentication may rest on "[t]estimony that a matter is what it is claimed to be"); United States v. Tropeano, 252 F.3d 653, 661 (2d Cir. 2001) (testimony of a participant is alone sufficient to authenticate a tape recording); United States v. Jones, 730 F.2d 593, 597 (10th Cir. 1984) (same); United States v. Albert, 595 F.2d 283, 290 (5th Cir.) (same), cert. denied, 444 U.S. 963 (1979).

In any event, as set forth in the accompanying motion, all of the factors outlined in Starks

---

[1]  The burden presently imposed by Rule 901 is the same as that applicable to factual determinations made by a judge prior to permitting the admission of evidence, under Rule 104.  Thus, the Starks rule actually imposed a higher burden for admission of tape recordings than currently applies for admission of any other type of evidence.  Indeed, in a civil forfeiture proceeding, the Starks requirement would impose a higher burden for admissibility of tape recordings than the government faces in proving its entire claim.

are met in this case and the government's tape recordings of relevant conversations are admissible at trial.

                Respectfully submitted,

                LAURIE MAGID
                Acting United States Attorney


_____
BEA WITZLEBEN
MAUREEN MCCARTNEY
Assistant United States Attorneys

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| v. | : | CRIMINAL NO. 08-66 |
| WILLIAM KING | : | |

### GOVERNMENT'S MOTION TO ADMIT TAPE RECORDINGS

The United States of America, by its attorneys, Laurie Magid, Acting United States Attorney for the Eastern District of Pennsylvania, and Bea Witzleben and Maureen McCartney, Assistant United States Attorneys, hereby moves for the admission of the tape recordings at the trial of the above-captioned matter and in support thereof avers:

    1. The defendant is charged with 13 counts of mail fraud in violation of Title 18 United States Code § 1341; 59 counts of health care fraud, in violation of Title 18 United States Code § 1347; and 10 counts of false statements in a health care matter in violation of Title 18 United States Code § 1035.

    2. The Government may offer into evidence tape recordings of conversations occurring on December 1, 2, and 8, 2005, June 21, 2008, and July 1, 2008 between an individual cooperating with the Government and the defendant. At the time the tape recordings are played aloud, the Government will move to distribute transcripts of the conversations to the jury.

    3. Defense counsel has been provided with a copy of the transcripts of the tape recordings and with copies of the original tape recordings. Defense counsel has not informed the Government of any disagreements with the Government's transcription of the tape recorded conversations and the Government's identification of the speakers to the conversations.

4. As to the tape recordings of the conversations, the Government avers:

    (a) The recording device used was capable of accurately recording the conversations;

    (b) The operator of the recording device was competent;

    (c) The tape recordings are authentic and correct;

    (d) There have been no changes in, additions to, or deletions from the tape recordings;

    (e) The tape recordings have been properly preserved;

    (f) The speakers on the tape recordings are properly identified;

    (g) The consenting party to the recording freely and voluntarily consented to the tape recording of the conversations; and

    (h) The transcripts of the tape recordings accurately represent the conversations on the tape recordings and accurately identify the speakers and parties to the tape recorded conversations.

WHEREFORE, the Government respectfully requests this Court to issue the order as attached to this motion.

    Respectfully submitted,

    LAURIE MAGID
    Acting United States Attorney


    _____
    BEA WITZLEBEN
    MAUREEN MCCARTNEY
    Assistant United States Attorney

## **CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of the Government's Motion to Admit Tape Recordings has been served upon the following by hand delivery on this date:

Terry Pugh, Esq.
Gerald Ingram, Esq.
1315 Walnut Street
Suite 800
Philadelphia, PA 19106

                                        BEA WITZLEBEN
                                      Assistant United States Attorney

Dated:                     , 2008