IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| v. | : | CRIMINAL NO. 08-66 |
| WILLIAM KING, M.D. | : | |

### ORDER

AND NOW, this            day of                    , 2008, upon consideration of the defendant's "Motion to Dismiss Indictment and/or Counts," and the Government's Response thereto, and for good cause shown, it is hereby **ORDERED** that the motion is **DENIED.**

BY THE COURT:

_____
**HONORABLE ROBERT F. KELLY**
*United States District Judge*

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | |
| v. | : | **CRIMINAL NO. 08-66** |
| **WILLIAM KING, M.D.** | : | |

**GOVERNMENT'S RESPONSE TO DEFENDANT'S**
**MOTION TO DISMISS**

The United States of America, by Laurie Magid, Acting United States Attorney for the Eastern District of Pennsylvania, and Bea Witzleben and Maureen McCartney, Assistant United States Attorneys, hereby opposes the defendant's "Motion to Dismiss Indictment and/or Counts."

**I.   INTRODUCTION**

The defendant stands charged with a 4½-year fraud scheme arising from his actions while providing medical services at the Health and Welfare Clinic ("the Clinic") maintained by and on behalf of the members of the American Federation of State and City Municipal Employees District Council 33 ("the Union") at 3001 Walnut Street, Philadelphia.  As the indictment makes clear, the defendant is charged with 1) fraudulently billing for more expensive services than he actually provided; 2) fraudulently billing for visits that did not occur ("ghost visits"), and 3) fabricating medical records for 10 patients and presenting those false records to the insurance company when the insurance company commenced an audit of the defendant.  Trial is scheduled for Monday, October 6, 2008.

**II.    DISCUSSION**

On the day before trial, the defendant has moved to dismiss "Counts 20, 24, 25, 74-83" of his indictment. Def. Mot. at p. 1. The asserted grounds are that "said counts are outside the statute of limitations." Id. The defendant also alleges that "the government has failed to set forth the elements for the alleged charges in the indictment," and complains about the failure of the indictment to allege the amount of loss from the fraud. In all respects, the defendant's motion is ill-founded.

   **A.    The charges are not time-barred**

The indictment charges a scheme to defraud which extended over several years. The indictment charges that in furtherance of that scheme, the defendant caused numerous mailings, 13 of which are charged. The indictment charges also that in furtherance of that same scheme, the defendant submitted numerous false claim forms, and 59 of these are charged. Finally, the indictment charges that the defendant fabricated medical records for 10 patients, and presented these false records to auditors from the insurance company. Each of the charged 13 mailings, 59 health care claims and 10 false statements to the insurance company fall within the statute of limitations. The 13 charged mailings occurred between June 9, 2003 and April 13, 2004. See Indictment at Counts 1-13, pages 8-9. The 59 health care fraud counts charged are predicated on claims made by the defendant between March 7, 2003 and November 28, 2003. Id. at Counts 14-72, pages 10-14. And the false statements charged occurred on or about June 29, 2004. Id. at p. 15, para. 3. The indictment was returned on February 5, 2008. Clearly, all of the charged counts

fall within five years of that date.[1]

What seems to have prompted the defendant's motion is the fact that the fraud scheme charged began in 1999.  The indictment charges that "from in or about October 1999, to in or about January 2004, defendant William King, M.D., knowingly and willfully executed, and attempted to execute, a scheme or artifice to defraud, and to obtain by means of false and fraudulent pretenses, representations and promises, money and property owned by, or under the custody or control of Blue Cross by submitting false and fraudulent claims for reimbursement."  Indictment at p. 4, paragraph 16.  The statute of limitations for this scheme would not run until, at the earliest, the early part of 2009.[2]

The statute of limitations for mail fraud runs from the date of the mailing, e.g. United States v. United Medical and Surgical Supply Corporation, 989 F.2d 1390, 1398 (4th Cir. l992)("Mail and securities fraud is not complete, and the statute of limitations does not begin to run, until the sale of the security or the use of the mails."), and the law is clear that "a mailing that is within the statute of limitations can impose criminal liability for conduct that was part of the same scheme but that was initiated outside the statute of limitations."  United States v.

---

[1] The defendant mistakenly invokes Counts 20, 24 and 25 as relating to conduct occurring outside of the statute of limitations.  Since Counts 20, 24 and 25 in fact relate directly to conduct inside the statute (to wit, claims made on or about May 30, 2003, November 17, 2003 and November 10, 2003, respectively), the government assumes that the defendant means to complain about paragraphs 20, 24, and 25, which recite events occurring as far back as 2000, and which, in the case of paragraph 25, recites the beginning year of the scheme to defraud with which the defendant is charged.

[2] Of course, schemes include actions to prevent detection, and if such were necessary, the government could provide such evidence in this case, but that is not necessary here since the claims which the defendant submitted, and the checks that were mailed in furtherance of the scheme, are themselves well within the statute of limitations.

Pharis, 298 F.3d 228, 234, n. 3 (3d Cir. 2002).  This is similar to the proposition that the statute of limitations in a conspiracy runs from the last overt act in furtherance of that conspiracy.  See United States v. Jaynes, 75 F.3d 1493, 1505 (10th Cir. 1996)("It is well established that, where an overt act is required for a conspiracy, the statute of limitations on a continuing conspiracy does not begin to run until the last overt act in furtherance of the conspiracy is committed."). See also United States v. Yashar, 166 F.3d 873, 875-6 (7th Cir. 1999)(for continuing offenses the statute of limitations begins to run when the offense expires); United States v. Jensen, 608 F.2d 1349, 1355 (10th Cir. 1979) ("[T]he statute of limitations is no bar if there is an ongoing scheme continuing into the [statute of limitations] period.").  It is thus entirely permissible to charge a fraud scheme that begins more than five years before indictment, and does not end until within five years of indictment.  Pharis, 398 F.3d 228.

      B.      **The indictment is not deficient**

A cursory reading of the indictment belies the defendant's claim that the indictment is deficient.  The purpose of an indictment is to provide the defendant with notice of the charges against him, so that he may prepare a defense, and protect himself against a second prosecution for the same offense.  The indictment also assures that an independent grand jury has reviewed the accusation.  United States v. Radowitz, 507 F.2d 109, 112 (3d Cir. 1974).  Because an indictment only serves to provide notice of the charges, it need not provide every detail of the government's evidence.[3]  Rather, an indictment is "a plain, concise and definite written statement

---

[3] It must be noted that the defendant has sought no bill of particulars.  Nonetheless, the government has filed a trial memorandum in this case which outlines the government's evidence. That document also describes the amount of loss which the insurance company initially estimated, Trial Memo at p. 7, which is of course not an element of the crimes, and need not be specified in the indictment.

4

of the essential facts constituting the offense charged." Fed. R. Crim. P. 7(c). See also, Government of the Virgin Islands v. Brown, 571 F.2d 773, 776 (3d Cir. 1978). The requisite standard has been exceeded in this case.

### III.    CONCLUSION

For all of the reasons set forth above, the defendant's motion to dismiss should be denied.

Respectfully submitted,

LAURIE MAGID
Acting United States Attorney


_____
BEA L. WITZLEBEN
MAUREEN MCCARTNEY
Assistant United States Attorneys

CERTIFICATE OF SERVICE

  I certify that on this the  day of October 2008, I caused this pleading to be electronically filed and thereby served upon the following:

Terry Pugh, Esquire
Gerald Ingram, Esquire
1315 Walnut Street
Suite 800
Philadelphia, PA 19107

                    BEA L. WITZLEBEN
                    Assistant United States Attorney