IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| v. | : | CRIMINAL NO. 08-66 |
| WILLIAM KING, M.D. | : | |

### GOVERNMENT'S SUPPLEMENTAL RESPONSE TO DEFENDANT'S MOTION TO SUPPRESS HIS STATEMENTS

The United States of America, by Laurie Magid, Acting United States Attorney for the Eastern District of Pennsylvania, and Bea Witzleben and Maureen McCartney, Assistant United States Attorneys, submits this supplemental response in opposition to the defendant's motion to suppress his statements.

Approximately two days before his trial, the defendant filed a Motion to Suppress Statements. That motion was based on the allegation that he was "unlawfully and illegally questioned and/or interrogated in violation of his constitutional rights." Def. Mot. at 1. The motion also suggested that the defendant was in custody, and that rights under Miranda v. Arizona were therefore required.

The day following the defendant's filing, an evidentiary hearing was held at which the case agent who had conducted the challenged interview testified. The defense presented no evidence, but through cross-examination, established that defense counsel Terry Pugh had spoken to the agent on the day of the interview. As the record establishes, after the initial interview had essentially concluded, the defendant spoke to his attorney, who then spoke to the

agent by telephone. In this call, defense counsel apprised the agent that the defendant was represented, and asked the agent not to further question the defendant. Thereafter, the defendant voluntarily drove the agent to the defendant's office, where a federal search warrant was to be executed. During the car ride, the defendant began speaking again about the subject of the interview. As the defendant spoke, the agent did not remain silent, but engaged in conversational exchanges. The defendant's statements were subsequently noted by the agent and the government seeks to introduce all of the defendant's statements at trial. The Court has ruled that the defendant was not in custody, but has reserved ruling on the admission of the statements.

I.   **DISCUSSION**

There was no Constitutional violation in this case, and no basis for suppression of the defendant's statements. At the times he made his statements, the defendant was not in custody, was not under arrest, was not charged with a crime, and was acting knowingly and voluntarily. Further, the defendant's counsel had waived whatever issues may have arisen from his instructions to the case agent by knowingly sanctioning the defendant's continued cooperation with the agents.[1]

---

[1] The case agent recalls that when he spoke to the attorney, he advised the attorney, as he had advised the defendant, that the search would proceed, but that the defendant's cooperation would mean that the search could be more discrete. Defense counsel and the defendant both concurred that a more discrete search would be preferable, and expressly agreed that the defendant go along on the search.

### A. There Was No Constitutional Violation

There is no 5th or 6th Amendment[2] issue in this case. The defendant was not in custody, and therefore no Miranda rights were required. The defendant apparently had counsel, and contacted his attorney. Thereafter, despite what the government assumes was advice from his attorney not to talk to the agent any more, the defendant chose to continue both contact with and statements to the case agent. Those statements are admissible.[3] See e.g., United States v.Velasquez, 885 F.2d 1076, 1085-87 (3d Cir. 1989)(defendant, in custody, after invocation of Miranda rights, initiates further communication with authorities by "evincing a willingness and desire for a generalized discussion about the investigation").

The defendant seems to suggest that because the case agent learned that the defendant had counsel, and because counsel requested that the case agent conduct no further questioning, anything that the defendant said thereafter cannot be admitted. This is not a circumstance, however, where the defendant was under the coercive pressures of custody, cf. Minnick v. Mississippi, 498 U.S. 146, 153 (1990)(purpose of Miranda was to blunt the "coercive pressures that accompany custody"), and so there is no Constitutional bar to the statements' admission.

### B. There Was No Ethical Violation

Because the circumstances in this case fall outside the purview of either the 5th or 6th

---

[2] The right to counsel of the 6th Amendment arises automatically upon the initiation of formal, adversarial proceedings. At the time of the events at issue here, the defendant had not been charged with any crimes, so no 6th Amendment issue is at hand.

[3] As the agent testified, the defendant brought up the subjects of the investigation once the defendant was driving the agent to the search site, and the agent then responded. (In particular, the agent recalls saying something to this effect: "So you're going to put this all off on your wife," and the defendant then expressly acknowledged that he had directed the billing of the insurance company.)

Amendment, the only issue the government can perceive in this case is the specter of a "contact with represented person." Pursuant to Pennsylvania Rule of Professional Conduct 4.2, "In representing a client, a lawyer shall not communicate about the subject of the representation with a party the lawyer knows to be represented by another lawyer in the matter, unless the lawyer has the consent of the other lawyer or is authorized by law to do so." In this case, however, the case agent was acting only in an investigatory capacity, and in any event is not an attorney.[4]

Moreover, in this case, defense counsel consented to his client's continued contact with the agent, so there is no basis for a claim that this Rule was violated. In any event, suppression is not a remedy for a violation of Rule 4.2, and even if available, would be totally inappropriate under the circumstances of this case.

## II.   CONCLUSION

For all of the reasons set forth above, the defendant's motion to suppress his statements should be denied.

Respectfully submitted,

LAURIE MAGID
Acting United States Attorney


_____
BEA L. WITZLEBEN
MAUREEN MCCARTNEY
Assistant United States Attorneys

---

[4] At the time the agent was carrying out his duties as a federal law enforcement officer in interviewing the defendant and executing the warrant, counsel for the government was not aware of the contact between the agent and counsel for the defendant.

CERTIFICATE OF SERVICE

I certify that on this the      day of   October, 2008, I caused this pleading to be electronically filed and thereby served upon the following:

Terry Pugh, Esquire
Gerald Ingram, Esquire
1315 Walnut Street
Suite 800
Philadelphia, PA 19107

BEA L. WITZLEBEN
Assistant United States Attorney